HENDERSON, BY NEXT FRIEND, *vs.* FRANCIS *et al.*

CASE, FROM CITY COURT OF ATLANTA. Charge of Court. Practice in Superior Court. Evidence. Pleadings. Justification. Malicious Arrest. Malicious Prosecution. Verdict. (Before Judge Clark.)

Blandford, J.—The charge of the court in this case was full and fair, and covered all the issues in the case.

2. When the court has fully and fairly charged the law of the case, he is not bound to recharge the jury at the instance of either party, however legal and pertinent a request offered may be.

3. The plea of justification filed in this case was similar to that filed in the case of the Ocean Steamship company *vs.* Williams, 69 Ga., 251, and entitled the defendant to open and conclude the argument.

4. Where counsel for plaintiff introduce in evidence the testimony of certain witnesses which had been taken before a committing court, but which had not been read to the jury, if it was error to refuse to allow them to withdraw a portion of such testimony from evidence, it did no injury, as counsel for defendants could have put the same in evidence. Counsel for plaintiff were bound only to read so much of the testimony as they might desire, and defendant's could have done likewise.

5. Actions for malicious arrest and prosecution are not favored by the courts, and when it not only appears that there was probable cause to induce the prosecution, but it is satisfactorily shown that the plaintiff was guilty of the offense charged against him, the action cannot be maintained.

(a) The verdict for the defendants was demanded by the evidence in this case.

Judgment affirmed

Haygood & Martin; Speairs & Simmons, for plaintiffs in error

Hoke & Burton Smith, for defendants.